# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| John V., | ) |
|     *Plaintiff,* | ) |
| | ) Case No. 17 CV 50348 |
| v. | ) |
| | ) Magistrate Judge Iain D. Johnston |
| Nancy A. Berryhill, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     *Defendant.* | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John V. brings this action under 42 U.S.C. § 405(g), seeking a remand of the decision denying him social security disability benefits. For the reasons set forth below, the decision is remanded.

## I. BACKGROUND[1]

On August 13, 2014, Plaintiff filed an application for disability insurance benefits. R. 88. Plaintiff alleged a disability beginning on July 1, 2014, because of his back injury, knee pain and strokes. R. 88, 207. Plaintiff continued working part-time until July 2015, but this was not considered substantial gainful activity. R. 18, 736.

---

[1] The following facts are only an overview of the medical evidence provided in the administrative record.

On September 15, 2016,[2] Plaintiff, represented by the same attorney representing him in this appeal, testified at a hearing before an Administrative Law Judge ("ALJ"). R. 40-79. Plaintiff was then 55 years old. Plaintiff testified that he was unable to work primarily because of his back and knee pain, which limited his ability to reach, bend and lift. R. 50, 65-66, 71.

Plaintiff testified that even after his back surgery in November 2015, he still experienced severe pain. R. 50. Plaintiff brought a cane to the hearing and testified that although he did not have a prescription, he had been using a cane since before his back surgery. R. 50-51, 60. Plaintiff explained that he could walk without a cane, but nevertheless used it for support and balance and to make walking easier. R. 59.

The ALJ also heard testimony from Kari Seaver, a vocational expert ("VE"). The ALJ posed a hypothetical to the VE of an individual that could perform light work, with postural limitations, frequent reaching in all directions and the need to avoid hazards. R. 74-76. The VE testified that this person could perform light jobs as a hand packer, assembler and sorter. R. 75-76. The following exchange then occurred between the ALJ and VE regarding additional limitations:

Q  Finally, the last hypothetical is an individual of claimant's age, education and work history who can lift and carry up to 15 pounds, with occasional bending, twisting, pivoting and must alternate between

---

[2] A hearing was also held on April 4, 2016, but the hearing was ultimately rescheduled to allow Plaintiff to submit additional medical records. R. 82-87. A psychological medical expert was present at this hearing but not the subsequent hearing. R. 82.

- 2 -

standing, sitting and walking. I would assume there would be no past work. Is that correct?

A Correct.

Q Would there be other work?

A If they were walking away from the work station and it would cause them to be off task more than 15 percent of the workday, then there would be no work for that individual.

Q Okay. But if they just needed to alternate between standing, sitting and walking, which would not take them off task, under this hypothetical there would be no past work. Is that correct?

A Correct.

Q Would there be other work?

A Yes. [The VE identified a sedentary sorter job]

Q So there's no light jobs under this hypothetical?

A Well --

Q Am I correct or not?

A There -- if you were able to lift the maximum 20 pounds, then there would be light jobs.

Q No, the lifting limitation on this is -- no, the lifting limitation -- Kari, the lifting limitation is 15 pounds.

A Yes.

Q So there's no light --

>   A  (INAUDIBLE).
>
>   Q  Here's my question.  Under this hypothetical, with the 15-pound lifting restriction, are there any light jobs?
>
>   A  Well, with 15 pounds and the sit/stand option, the light jobs from hypothetical 1, they would still apply but with reduced numbers by 50 percent.

R. 76-77.  The VE then confirmed that her testimony was consistent with the Dictionary of Occupational Titles ("DOT") as well as her professional experience of placing individuals into employment.  R. 78.  The only question Plaintiff's counsel asked the VE was how she determined that the identified jobs would be reduced by 50%.  R. 78.  The VE testified that she based it on her professional experience.  R. 78.

The ALJ did not call an impartial medical expert.  The ALJ issued a partially favorable decision, finding Plaintiff disabled on September 19, 2015, the date he turned 55 years old, based on Medical-Vocational Guidelines ("Grids") Rule 202.02.  20 C.F.R. 404, Subpt. P, App. 2, Rule 202.02.  R. 16-30.  The ALJ found that Plaintiff had the following severe impairments: obesity, hypertension, diabetes mellitus, lumbosacral degenerative disc disease with intermittent radiculopathy and status-post compression fracture, degenerative joint disease of the bilateral knees, bilateral knee chondromalacia and myofascial pain.  R. 18-19.  The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment.  R. 20.  The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional exertional, postural and environmental

restrictions, including that Plaintiff could only lift and carry 15 pounds and "must alternate between sitting, standing, and walking that would not take him off-task." R. 21.

## II. STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence exists if there is enough evidence that would allow a reasonable mind to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). Accordingly, the reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts cannot build a logical bridge on behalf of the ALJ. *See Mason v.*

*Colvin*, No. 13 C 2993, 2014 U.S. Dist. LEXIS 152938, at *19-20 (N.D. Ill. Oct. 29, 2014).

## III. DISCUSSION

Plaintiff argues that remand is appropriate because the ALJ failed to support her step five findings and made multiple inappropriate medical judgments in determining the RFC.

The crux of Plaintiff's first argument is that the VE's testimony is "questionable or ambiguous" on whether the jobs identified by the VE accounted for Plaintiff's need to alternate between sitting, standing and walking. Plaintiff's Brief at 4-5, Dkt. 9. Plaintiff points out that the VE's testimony referred only to jobs with a "sit/stand option." R. 77. Plaintiff also faults the ALJ for failing to specify how often Plaintiff would need to alternate between sitting, standing and walking.

The Commissioner argues that Plaintiff has forfeited this issue by not raising it at the administrative hearing. Defendant's Response at 16, Dkt. 16. The Commissioner's argument is well taken. This is not the first time this Court has had to point out counsel's failure to raise certain issues at the administrative hearing. *See, e.g., Jody W. v. Berryhill*, No. 17 CV 50290, 2019 U.S. Dist. LEXIS 25441, at *14 (N.D. Ill. Feb. 15, 2019) ("[T]he Court must point out a trend where counsel are failing to raise issues with the ALJs and Appeals Council and seem to be saving their arguments for this Court."); *Williams v. Berryhill*, No. 17 CV 50112, 2018 U.S. Dist. LEXIS 168755, at *14 (N.D. Ill. Oct. 1, 2018) ("Plaintiff's counsel is experienced, having participated in many disability hearings and having filed many

appeals to this Court. She took the opportunity to vigorously cross-examine the VE on several issues, but then chose not to press further."). Despite counsel's failure to raise any issue with the VE's testimony at the hearing,[3] the Court believes a remand is still required because the ALJ failed to specify the frequency with which Plaintiff need to change positions. *See Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012) (finding an RFC insufficient where it provided that the plaintiff "must be able to alternate between sitting and standing 'throughout the workday.' This does not specify a particular frequency, and does not require that [the plaintiff] be able to choose to sit or stand when she feels it is necessary.").

---

[3] The Court does not believe that *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002), can be interpreted as broadly as the Commissioner suggests to support forfeiture in this case. *See* Defendant's Response at 16, Dkt. 16 ("'[R]aising a discrepancy only after the hearing … is too late'"). The *Donahue* court found that raising a conflict between the VE's testimony and the DOT for the first time after the hearing resulted in forfeiture. 279 F.3d at 446-47. Plaintiff correctly notes that *Donahue*, 279 F.3d 441, was superseded by Social Security Ruling 00-4p, 2000 SSR LEXIS 8, which imposes an affirmative duty on the ALJ to inquire into and resolve "apparent conflicts" between the VE's evidence and the DOT. *See Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008).

What the parties fail to acknowledge is that the VE based her testimony on her professional experience, not the DOT. R. 78; *see also Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008) (suggesting that "[b]ecause the DOT does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the DOT."). Therefore, the Court is not concerned by a conflict with the DOT. The concern is with the ALJ's ambiguious RFC restriction. Without any explanation of Plaintiff's need to alternate between sitting, standing and walking, there was no way for the VE to determine the impact alternating positions would have on the jobs identified. *See Williams v. Berryhill*, No. 17 CV 50112, 2018 U.S. Dist. LEXIS 168755, at *15-16 (N.D. Ill. Oct. 1, 2018) (deciding against forfeiture and remanding so that the VE could provide a clearer and more detailed explanation even though plaintiff failed to question the VE at the hearing); *see also* SSR 83-12, 1983 SSR LEXIS 32, at *10-11 ("Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.).

The RFC adopted by the ALJ included the restriction that Plaintiff "must alternate between sitting, standing, and walking that would not take him off-task." R. 21. The hypothetical posed to the VE included the same vague restriction on alternating positions. R. 76. Without further explanation from the ALJ, the VE testified that the number of job opportunities available to Plaintiff were reduced by 50% to include those that would allow for a "sit/stand option." R. 77. Not only does this testimony leave the Court unsure if the VE fully considered Plaintiff's need to walk, in addition to sit and stand, but also whether the jobs identified would allow Plaintiff to change positions at will or less frequently. *See Morales v. Acting Commissioner of the SSA*, No. 1:17-CV-21-TLS, 2017 U.S. Dist. LEXIS 205393, at *11 (N.D. Ind. Dec. 14, 2017) ("[W]ithout a more specifically defined hypothetical on the matter, it remains unclear what type of sit/stand option the VE considered.").

The restrictions in the RFC must be specific enough to determine a claimant's ability to perform a particular job. *See Ketelboeter v. Astrue*, 550 F.3d 620, 626 (7th Cir.2008) (concluding that an RFC specifying that the plaintiff could sit or stand "as needed" was sufficient); *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (finding an RFC sufficient where the ALJ restricted the plaintiff to work that allowed her to sit or stand at her "own option."). Here, the failure to identify the frequency with which Plaintiff needed to alternate positions leaves the ALJ's determination that Plaintiff could perform other work unsupported. On remand, the ALJ should specify the frequency of Plaintiff's need to alternate positions in both the RFC and the hypothetical to the VE. At step five, the ALJ should also

clarify whether the VE considered not only the need to alternate between sitting and standing but also walking because the testimony from the hearing does not make that clear.

Plaintiff next argues that the ALJ improperly made the following medical judgments: (1) Plaintiff's right shoulder was not a severe impairment because his nerve conduction study was normal; (2) Plaintiff did not require a cane because he had a normal gait; and (3) Plaintiff did not have radiculitis[4] because his whole body scan showed no abnormal uptake. Plaintiff's Brief at 9, Dkt. 9. Plaintiff does not elaborate on these issues or explain how they would affect the ALJ's disability determination. For example, failing to find Plaintiff's shoulder impairment or radiculitis severe would not require remand in this case. *See Ray v. Berryhill*, No. 18-2229, 2019 U.S. App. LEXIS 4161, at *14 (7th Cir. Feb. 12, 2019) ("Step two is merely a threshold inquiry; so long as one of a claimant's limitations is found to be severe, error at that step is harmless."). Accordingly, the Commissioner reasons that Plaintiff must be challenging the ALJ's failure to account for all her impairments in the RFC. This still leaves the Court wondering what restrictions the ALJ failed to account for in the RFC determination. It is telling that Plaintiff has chosen not to respond to the Commissioner's arguments in his reply brief, focusing instead on the step five errors. *See Crystal C. v. Berryhill*, No. 17 CV 50260, 2019 U.S. Dist. LEXIS 13789, at *5 (N.D. Ill. Jan. 29, 2019) ("Plaintiff has

---

[4] Radiculitis is a disorder of the spinal nerve roots. STEDMAN'S MEDICAL DICTIONARY 1622 (28th ed. 2006).

failed to respond or fully develop many of her arguments, which results in a forfeiture of these issues on appeal.").

Plaintiff does not challenge the ALJ's credibility determination or the weight afforded to the medical opinions in the record. Forfeiture aside, the Court acknowledges that the ALJ's evaluation of the medical opinion evidence is shaky at best. The ALJ was required to evaluate the regulatory factors when determining the weight to afford each of the opinions in the record. *See* 20 C.F.R. § 404.1527(c)(2). Instead, the ALJ made conclusory findings with little evidence to support her determination. R. 25-27. Because this case is already being remanded for a more specific RFC determination on Plaintiff's need to alternate positions, the ALJ should also provide a more through analysis of the weight afforded to the medical opinions and the reasons for that weight.

The ALJ should also elaborate on what medical opinion she relied on to determine that "no abnormal uptake…was not consistent with reports of pain and radiculitis." R. 23; *see Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018) ("ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves."). On remand, Plaintiff can address any additional concerns with the ALJ's findings, but he should make sure to put forth evidence to support his claims. *See Robert D. v. Berryhill*, No. 2:17-cv-02107, 2018 U.S. Dist. LEXIS 163050, at *5 (C.D. Ill. Aug. 24, 2018) (finding that the ALJ properly discounted plaintiff's need for a cane where no physician found the cane medically necessary and instead repeatedly found that he had a normal gait and

was able to walk 50 feet without assistance); *Jenkins v. White Castle Management Co.*, No. 12 C 7273, 2014 U.S. Dist. LEXIS 106100, at *7 (N.D. Ill. Aug. 4, 2014) (noting "that unsupported statements of counsel ... are not evidence and do not count").

## IV. CONCLUSION

For the reasons stated in this opinion, Plaintiff's motion for summary judgment [9] is granted, and the Commissioner's motion [16] is denied. The decision of the ALJ is remanded for further proceedings consistent with this opinion.

Date: March 25, 2019    By: _____
Iain D. Johnston
United States Magistrate Judge